NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2021 IL App (4th) 190535-U

NO. 4-19-0535

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
June 29, 2021
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Champaign County |
| BYRONNISE S. CLARK, | ) | No. 18CF733 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Adam M. Dill, |
| | ) | Judge Presiding. |

PRESIDING JUSTICE KNECHT delivered the judgment of the court.
Justices Turner and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  The appellate court affirmed, concluding the State presented sufficient evidence to show defendant (1) drove or was in actual physical control of a vehicle discovered in a retention basin and (2) drove or was in actual physical control of the vehicle discovered in a retention basin while on an Illinois highway.

¶ 2    Following a jury trial, defendant, Byronnise S. Clark, was convicted of aggravated driving under the influence of alcohol and driving while her driver's license was revoked and then sentenced to two, concurrently-imposed terms of 42 months' imprisonment. Defendant appeals, arguing the State failed to prove her guilty beyond a reasonable doubt of both criminal offenses. We affirm.

¶ 3                                   I. BACKGROUND

¶ 4                                   A. Information

¶ 5        In May 2018, the State charged defendant by information with aggravated driving under the influence of alcohol (625 ILCS 5/11-501(d)(1)(H) (West 2018)) and driving while her driver's license was revoked (625 ILCS 5/6-303(a) (West 2018)). The charges stemmed from a single-vehicle accident which occurred during the early morning hours of May 26, 2018.

¶ 6                            B. Jury Trial

¶ 7        In February 2019, the trial court conducted a jury trial. The State presented testimony from a witness to the accident, Shawndrell Kyse, as well as three responding police officers, David Smysor, Seth King, and Anthony Meneely. The State also presented a certified driving abstract for defendant, photographs of the scene, an audio and video recording taken immediately after police officers arrived at the scene through defendant's arrest and transportation to a hospital, and an audio and video recording taken while defendant was at the hospital. The defense presented testimony from a hotel attendant who saw defendant the night before the accident, Jennifer Mabry, as well as defendant. The following is gleaned from the testimony and evidence presented.

¶ 8        Kyse, a rideshare driver, testified, around 4:30 a.m. on May 26, 2018, he was driving westbound on Bradley Avenue in Urbana when he observed an eastbound vehicle which "clipped a sign on the left side of the road, and then took out a sign on the right *** side of the road, and ended up in a [retention basin]." Kyse turned on the overhead lighting inside his vehicle as well as the "strobe lights" inside his vehicle's [grille] and completed a U-turn. At that point, he was about 50 feet away from the vehicle in the retention basin. Kyse observed the vehicle in the retention basin repeatedly hit the retainer wall. While on the phone with a 911 operator, Kyse observed a woman exit the vehicle, whom he identified as the vehicle's driver. Kyse could not

otherwise identify the driver by her appearance due to the low light. He did note she appeared intoxicated. Kyse watched the vehicle until police officers arrived. Kyse did not observe anyone else inside the vehicle.

¶ 9        Police officers responded to the 800 block of West Bradley Avenue in Urbana and discovered the vehicle in the retention basin. Officer Smysor testified Bradley Avenue was a public roadway and the retention basin was located on private property. Based on the orientation of the vehicle and the tire tracks in the grass, Officer Smysor believed the vehicle veered off West Bradley Avenue into the grass, crashed into the retention basin, and then attempted to drive out of the basin but was unsuccessful. Officer King explained how the photographs of the scene appeared consistent with Officer Smysor's belief of how the vehicle arrived in the retention basin.

¶ 10        Police officers who responded to the scene also discovered a woman, who they later identified as defendant, standing near the vehicle in the retention basin. Officer Smysor spoke with defendant. As observed in the recordings, defendant is a Black woman who had dreadlocks at the time of the incident. During the conversation between Officer Smysor and defendant, defendant repeatedly tried to return to the vehicle in the retention basin, stumbled, and slurred her speech. Officer Smysor also noticed defendant had a strong odor of an alcoholic beverage coming from her and bloodshot and glassy eyes. Based upon his training and experience as well as his conversation with and observations of defendant, Officer Smysor determined defendant was under the influence of alcohol. He placed her under arrest for driving under the influence of alcohol. Officer Smysor recovered the keys to the vehicle in the retention basin from inside defendant's pocket. Officer Smysor also learned defendant did not have a valid driver's license as it had been revoked. Defendant's driving abstract showed a "[r]evocation was in effect on 5-26-2018."

¶ 11        After defendant was arrested, she was placed in the back of a patrol vehicle and transported to a hospital. Officer Meneely testified defendant repeatedly kicked the doors while inside the patrol vehicle. While at the hospital, defendant did not follow directions and made nonsensical statements. Officer Meneely also noticed defendant had difficulty maintaining balance and a strong odor of an alcoholic beverage coming from her, slurred speech, and bloodshot and glassy eyes. Based upon his training and experience, as well as his conversation with and observations of defendant, Officer Meneely determined defendant was under the influence of alcohol such that she could not safely operate a motor vehicle. Defendant did not consent to chemical testing while at the hospital.

¶ 12        Officer Smysor acknowledged defendant made a comment at the scene indicating other people had been with her. The recording showed the same. Officer Meneely acknowledged the vehicle in the retention basin was not registered to defendant.

¶ 13        Defendant testified on the evening of May 25, 2018, she went to a gathering. While at the gathering, she consumed a beer and two shots and spoke with a man named "L.C.," who she recognized from around town. Defendant described L.C. as a Black man who had dreadlocks. Eventually, defendant and L.C. decided to get a hotel room. Mabry, who worked at a hotel, helped defendant secure a hotel room. While doing so, Mabry noticed a Black man with dreadlocks standing nearby. Mabry did not know if the man was with defendant. Mabry acknowledged knowing of defendant through defendant's grandmother but maintained they were not friends.

¶ 14        Defendant testified on the morning of May 26, 2018, she had L.C. drive her home from the hotel because she was not feeling well. According to defendant, L.C. crashed the vehicle into the retention basin and then exited the vehicle and ran away, leaving the keys to the vehicle

on the ground, which she recovered. Defendant stayed with the vehicle because she did not feel well. Defendant testified she never drove the vehicle and did not know who owned the vehicle. Defendant tried to locate L.C. after the incident but was unable to do so.

¶ 15　　　　Defendant acknowledged she was not behaving normally when speaking with the police officers but did not believe it was because of the alcohol. She believed something else, something unknown to her, was causing her erratic behavior. Defendant testified when she referred to other people being with her at the scene, she misspoke and meant another person, L.C. Defendant acknowledged having a 2010 theft conviction and a 2012 obstructing justice conviction.

¶ 16　　　　After a lengthy deliberation, the jury returned a verdict finding defendant guilty of both aggravated driving under the influence of alcohol and driving while her driver's license was revoked.

¶ 17　　　　　　　　　　C. Posttrial Proceedings

¶ 18　　　　In March 2019, defendant filed a posttrial motion arguing, in part, the State failed to prove her guilty beyond a reasonable doubt. The trial court denied defendant's motion and proceeded to sentencing. Based upon the evidence and recommendations presented, the court sentenced defendant to two, concurrently-imposed terms of 42 months' imprisonment. Defendant filed a motion to reconsider her sentence, which the court denied after a hearing.

¶ 19　　　　This appeal followed.

¶ 20　　　　　　　　　　II. ANALYSIS

¶ 21　　　　On appeal, defendant argues the State failed to prove her guilty beyond a reasonable doubt of aggravated driving under the influence of alcohol and driving while her driver's license was revoked. The State disagrees.

¶ 22    When presented with a challenge to the sufficiency of the evidence, the question before this court is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis and internal quotation marks omitted.) *People v. Harris*, 2018 IL 121932, ¶ 26, 120 N.E.3d 900. We must "not substitute [our] judgment for that of the trier of fact on questions involving the weight of the evidence or the credibility of the witnesses." *People v. Gray*, 2017 IL 120958, ¶ 35, 91 N.E.3d 876. "A criminal conviction will not be reversed for insufficient evidence unless the evidence is so unreasonable, improbable, or unsatisfactory that it justifies a reasonable doubt of the defendant's guilt." *Id.*

¶ 23    As charged in this case, a person commits aggravated driving under the influence of alcohol when he or she drives or is in actual physical control of a vehicle while under the influence of alcohol and while he or she did not possess a driver's license. 625 ILCS 5/11-501(d)(1)(H) (West 2018). A person commits driving with a revoked license when he or she drives or is in actual physical control of a motor vehicle on any Illinois highway at a time when that person's driver's license is revoked. 625 ILCS 5/6-303(a) (West 2018).

¶ 24    First, defendant asserts the State failed to present sufficient evidence to show she drove or was in actual physical control of the vehicle discovered in the retention basin. We disagree. Kyse testified to observing a vehicle crash into the retention basin and a woman driver exit the vehicle. Kyse further testified he watched the vehicle in the retention basin until police officers arrived, during which time he did not observe anyone else. The police officers who responded to the scene discovered a woman near the vehicle in the retention basin and identified her as defendant. Officer Smysor testified defendant repeatedly tried to return to the vehicle in the

retention basin and was later discovered to have the vehicle's keys in her pocket. From this evidence, we find a rational trier of fact could have found, beyond a reasonable doubt, defendant drove or was in actual physical control of the vehicle discovered in the retention basin.

¶ 25    Alternatively, defendant asserts the State failed to present sufficient evidence to show she drove or was in actual physical control of the vehicle discovered in the retention basin while on an Illinois highway. We disagree. Kyse testified the vehicle which he observed crash into the retention basin was initially traveling eastbound on Bradley Avenue. Officer Smysor believed based on the orientation of the vehicle and the tire tracks in the grass the vehicle veered off Bradley Avenue into the grass and crashed into the retention basin. Officer King explained how the photographs of the scene appeared consistent with Officer Smysor's belief of how the vehicle arrived in the retention basin. Officer Smysor testified Bradley Avenue was a public roadway. From this evidence, we find a rational trier of fact could have found, beyond a reasonable doubt, defendant drove or was in actual physical control of the vehicle discovered in the retention basin while on an Illinois highway. See 625 ILCS 5/1-126 (West 2018) (defining highway, in part, as "[t]he entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel").

¶ 26    III. CONCLUSION

¶ 27    We affirm the trial court's judgment.

¶ 28    Affirmed.